IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANGELA MICHELLE MORELLI,<br><br>        Plaintiff,<br><br>  vs.<br><br>JOSHUA B. HYMAN,<br><br>        Defendant. | Civ. No. 19-00088 JMS-RLP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT, ECF NO. 15, WITH LEAVE TO AMEND |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT, ECF NO. 15, WITH LEAVE TO AMEND

### I. INTRODUCTION

Before the court is Defendant Joshua B. Hyman's ("Defendant") Motion to Dismiss pro se Plaintiff Angela Michelle Morelli's ("Plaintiff") Complaint for lack of subject matter jurisdiction. ECF No. 15. For the reasons set forth below, the Motion to Dismiss is GRANTED for failure to state a claim, with leave to amend.

### II. BACKGROUND

On February 20, 2019, Plaintiff filed her Complaint against Defendant alleging 42 U.S.C. § 1983 claims for violation of unspecified constitutional and civil rights in connection with a custody dispute involving their minor child. ECF No. 1 at PageID #1, 3. The Complaint alleges that Defendant is the father of

Plaintiff's young son. *Id.* at PageID #4. The Complaint also references numerous federal and state statutes, primarily criminal, and includes allegations of abuse by Defendant. *Id.* at PageID #2-6. More specifically, the Complaint alleges violations of 5 U.S.C. § 552; 18 U.S.C. §§ 242, 512, 1503, 1510, 1513, 1621, 1001, 241, and 2261A; and Hawaii Revised Statutes ("HRS") §§ 92F-24, 708-820, and 708-906. *Id.* at PageID # 2-4. The Complaint refers to a "lower court order" and appears to challenge various state court orders regarding custody, child support, and other issues related to a temporary restraining order. *Id.* at 6. Plaintiff seeks an "award of full physical legal custody along with child support . . . [and] damages and legal fees." *Id.* at PageID #7.

On April 19, 2019, Defendant filed the instant Motion to Dismiss. ECF No. 15. On June 3, 2019, Plaintiff filed an Opposition and on June 10, 2019, Defendant filed a Reply. ECF Nos. 27-28. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

### III. STANDARDS OF REVIEW

**A.    Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of

2

a case . . . ." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060 (9th Cir. 2001) (citation and quotation marks omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

**B.    Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." Dismissal is appropriate where the complaint lacks a cognizable legal theory or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The court may also "dismiss a complaint sua sponte under [Rule] 12(b)(6) . . . without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Barnard v. U.S. Gov't*, 635 F. App'x 388, 388 (9th Cir. 2016) (affirming sua sponte dismissal of complaint where the "claims lacked any arguable basis in law or fact").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 679; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**C.  Pro Se Pleadings**

Because Plaintiff is proceeding pro se, the court liberally construes her Complaint and resolves all doubts in her favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears that Plaintiff can

correct the defects in her Complaint, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment") (citation omitted).

## IV. **DISCUSSION**

Defendant seeks dismissal of Plaintiff's Complaint, arguing that the Complaint fails to assert a cognizable basis for federal subject matter jurisdiction. The court agrees.

### A. Subject Matter Jursidiction

In general, Plaintiff may establish the court's subject matter jurisdiction in one of two ways. First, Plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). To premise jurisdiction on diversity, Plaintiff must include in the Complaint allegations regarding both the diversity of citizenship and the proper amount in controversy. *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990). Alternatively, Plaintiff may assert that

5

Defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Plaintiff fails to assert, and apparently cannot assert, the existence of diversity jurisdiction. The Complaint alleges that Plaintiff's mailing address is "PO Box 12431, Lahaina, HI 96761," and that Defendant's work address is "1813 Baldwin Ave., Makawao, HI 96768." ECF No. 1 at PageID #9. Because it appears that both Plaintiff and Defendant are citizens of Hawaii, diversity does not exist.[1] The court therefore finds that Plaintiff has failed to establish a basis for the court's diversity jurisdiction.

Construed liberally, however, the Complaint asserts claims pursuant to 42 U.S.C. § 1983 for violation of unspecified constitutional and civil rights, and for violation of various federal statutes. *See id.* at PageID #1-4. So construed, there is federal question jurisdiction and therefore, the court has subject matter jurisdiction over this action.[2]

---

[1] Plaintiff did not assert the *citizenship* of either party, only their locations. To the extent the parties' locations differ from their citizenship, the Complaint does not make such distinction. And in any event, the failure to allege citizenship of each party is fatal to diversity jurisdiction. *See Spagnolo v. Nadic Network Certified Dentists,* 2011 WL 2181759, at *1 (D. Haw. June 3, 2011) (collecting cases).

[2] The *Rooker-Feldman* doctrine, derived from two Supreme Court cases— *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983)—bars a federal court from exercising subject-matter jurisdiction over an

**B.     Failure to State a Claim**

Plaintiff's Complaint, however, fails to state a plausible federal-law claim.

***1.     Section 1983 Claims for Damages***

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citation omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Here, the Complaint lacks any allegation that Defendant acted under color of state law. To act under color of state law, "the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). That is, "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or

---

action that is essentially "a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Because it is not clear on this record whether Plaintiff's asserted federal claims arise from a challenge to a final state court judgment, the court is not addressing the *Rooker-Feldman* at this time.

wrong." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).

A private party may, under limited circumstances, act under color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1908); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). The Ninth Circuit recognizes "at least four different criteria, or tests used to identify state action: '(1) public function;[3] (2) joint action;[4] (3) governmental compulsion or coercion;[5] and (4) governmental nexus.'"[6] *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)).

---

[3] "Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Kirtley*, 326 F.3d at 1093 (citation and quotation marks omitted).

[4] To establish joint action, a plaintiff must show willful, joint participation between the state and a private actor in which "the state has so far insinuated itself into a position of interdependence with the private [actor] that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 926 (9th Cir. 2011) (citations and internal quotation marks omitted).

[5] "The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Kirtley*, 326 F.3d at 1094 (citation omitted).

[6] "The nexus test asks whether 'there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself.'" *Id.* at 1094-95 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

"Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id.* (citation omitted). But under any of the four tests, "the central question remains whether the alleged infringement of federal rights [is] fairly attributable to the government." *Id.* at 1096 (citation and internal quotation marks omitted).

Even liberally construed, the Complaint fails to allege sufficient facts indicating that Defendant's conduct satisfies any of the four tests identifying state action, or was otherwise a state actor.[7] Thus, Plaintiff has failed to state a plausible

---

[7] To the extent the Complaint may also allege violation of Plaintiff's constitutional rights by state-court judges and prosecutors in connection with the underlying proceedings and with her attempts to have criminal charges brought against Defendant, such claims fail. State-court judges are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit . . . ."); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly."); *see also Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages action for judicial acts taken within the jurisdiction of their courts.") (citation omitted).

And prosecutors are absolutely immune from liability under § 1983 for acts taken "within the scope of [their] duties in initiating and pursuing a criminal prosecution." *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 341-42 (2009) (recognizing settled law that prosecutors are absolutely immune from liability for damages under § 1983 for actions taken in their official capacities that are "intimately associated with the judicial phase of the criminal process" (citation and quotation marks omitted)); *Elliot-Park v. Manglona*, 592 F.3d 1003, 1006 (9th Cir. 2010). Absolute immunity also applies when a prosecutor undertakes administrative or investigatory functions in preparation "for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, . . . [such as preparation of evidence] for its presentation at trial or before a grand jury." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). But a prosecutor is not entitled to absolute immunity for performing "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Id.*

Even construed liberally, because state-court judges are immune from suit and prosecutors are absolutely immune from liability for damages under § 1983 with regard to the initiation of criminal charges against Defendant, Plaintiff has failed to state a plausible § 1983 claim against a state-court judge or prosecutor.

9

claim under 42 U.S.C. § 1983 for violation of her constitutional civil rights, or for violation of any other federal law. Plaintiff's § 1983 claims are DISMISSED with leave to amend.

### 2. *Federal Criminal Statutes*

The Complaint also claims that Defendant violated numerous federal criminal statutes, including 18 U.S.C. §§ 241, 242, 512, 1001, 1503, 1510, 1513, 1621, and 2261A. But "federal criminal law [can] be enforced only by a federal prosecutor, not by any private party." *DeAlcantara v. Shigemura*, 2016 WL 6518618, at *2 (D. Haw. 2016) (citation omitted). That is, because "criminal statutes generally [do not] provide a private cause of action or a basis for civil liability," Plaintiff lacks standing to bring claims for violation of federal criminal law. *Id.* (citations omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Here, none of the federal statutes referenced in the Complaint provide a private cause of action. *See, e.g.*, *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) (holding no private right of action under 18 U.S.C. § 1001); *Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) ("[T]here is no private cause of action for perjury [under] 18 U.S.C. § 1621 . . . ."); *Gage v. Wells Fargo Bank, N.A.*, 555 F.

10

App'x 148, 151 (3d Cir. 2014) (recognizing no private right of action under 18 U.S.C. § 1510); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cty.,* 693 F.3d 896 (9th Cir. 2012) (en banc) ("18 U.S.C. § 1503 is a criminal statute that does not provide for a private right of action."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form the basis for a civil suit); *Kennedy v. World Savings Bank, FSB*, 2015 WL 1814634, at *7 (N.D. Cal. Apr. 21, 2015) ("Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action"); *Kraft v. Old Castle Precast Inc.*, 2015 WL 4693220, at *3 (C.D. Cal. Aug. 5, 2015) (no private cause of action under 18 U.S.C. §§ 1503, 1512 and 1513); *Jacobus v. Huerta*, 2013 WL 1723631, at *10 (S.D.W.Va. Apr. 22, 2013) (no private right of action under 18 U.S.C. § 2261A).

Because Plaintiff cannot assert claims for violation of the asserted federal criminal statutes, those claims are DISMISSED without leave to amend.

### 3. *5 U.S.C. § 552*

Plaintiff's Complaint references a violation of 5 U.S.C. § 552. This statute, the Freedom of Information Act ("FOIA"), expressly applies only to federal agencies. *See* 5 U.S.C. § 552(a); *see also Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("The FOIA, however, by its own

terms, applies only to federal executive branch agencies."). Thus, Defendant cannot be subject to a FOIA claim. *See Martinez v. U.S. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming dismissal of individual defendants in FOIA action). Plaintiff's FOIA claim is therefore DISMISSED without leave to amend.

**C.     Leave to Amend**

It is unlikely that Plaintiff will be able to allege that Defendant acted under color of state law or that any other state actor, not immune from suit, violated her constitutional or civil rights in connection with the underlying state-court proceedings and/or her attempts to bring criminal charges against Defendant. Nevertheless, the court GRANTS Plaintiff leave to amend her Complaint to attempt to cure the deficiencies of her § 1983 claims, if possible. Plaintiff may not expand her claims beyond those already alleged or add new claims, without explaining how those new claims relate to the claims alleged in the original Complaint, and how they are linked to her claims against Defendant.

If Plaintiff intends to assert a § 1983 claim against one or more Defendants, she must name each person and entity as a separate defendant and write short, plain statements telling the court: (1) the constitutional or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what

12

that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that she names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant may be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint and must be complete in itself without reference to the prior pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

The amended complaint must state that it is the "First Amended Complaint," and it may not incorporate any part of the original Complaint by reference, but rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Any cause of action that

is not raised in the First Amended Complaint is waived. *See id.* ("[C]laims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived."). Failure to file an amended complaint by July 25, 2019 will result in automatic dismissal of this action.

### D. Supplemental Jurisdiction Over State-Law Claims

Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over [state-law claims] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" Because the Complaint fails to allege any basis for diversity jurisdiction, and the dismissed § 1983 claims provide the only other basis for federal subject-matter jurisdiction, to the extent Plaintiff asserts state-law claims, the court does not address them.

If Plaintiff does not file an amended complaint, the court will decline jurisdiction over state-law claims pursuant to § 1367(c) and dismiss them without prejudice. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law

14

claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

If Plaintiff files an amended complaint that states a cognizable federal claim against a Defendant, however, the court will address whether to exercise supplemental jurisdiction over related state-law claims included in the amended complaint.

## V.  CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED for failure to state a claim.  Plaintiff is GRANTED leave to file an amended complaint, as permitted by this Order, on or before July 25, 2019.  Failure to file an amended complaint by July 25, 2019 will result in automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 28, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Morelli v. Hyman*, Civ. No. 19-00088 JMS-RLP, Order Granting Defendant's Motion to Dismiss Complaint, ECF No. 15, With Leave to Amend