IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANGELA MICHELLE MORELLI,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA B. HYMAN; STATE OF HAWAII,<br><br>Defendants. | Civ. No. 19-00088 JMS-WRP<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, ECF NOS. 35, 54 |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, ECF NOS. 35, 54**

## I. INTRODUCTION

Before the court are separate motions by Defendants Joshua B. Hyman ("Hyman") and the State of Hawaii (the "State") (collectively, "Defendants") to dismiss pro se Plaintiff Angela Michelle Morelli's ("Plaintiff") First Amended Complaint ("FAC"). ECF Nos. 35, 54. For the reasons set forth below, the Motions to Dismiss are GRANTED. Plaintiff is GRANTED leave to amend her claim pursuant to 42 U.S.C. § 1983 for prospective injunctive relief against an individual non-judicial state official. All other claims are dismissed without leave to amend.

## II.  BACKGROUND

On February 20, 2019, Plaintiff filed a Complaint against Hyman alleging 42 U.S.C. § 1983 claims for violation of unspecified constitutional and civil rights in connection with a custody dispute involving their minor child,[1] as well as violations of 5 U.S.C. § 552; 18 U.S.C. §§ 242, 512, 1503, 1510, 1513, 1621, 1001, 241, and 2261A; and Hawaii Revised Statutes ("HRS") §§ 92F-24, 708-820, and 708-906.  ECF No. 1 at PageID #1-4.  On June 28, 2019, this court granted Hyman's Motion to Dismiss the Complaint, dismissing Plaintiff's § 1983 claims with leave to amend and dismissing all other federal claims without leave to amend (the "June 28 Order").  ECF No. 31.  As set forth in the June 28 Order, Plaintiff's § 1983 claims were deficient, in part, because she failed to allege facts showing that Hyman acted under color of state law.  *Id.* at PageID #503-05.

On July 25, 2019, Plaintiff filed a First Amended Complaint ("FAC") against both Hyman and the State of Hawaii.  ECF No. 32.  The FAC asserts § 1983 claims for violation of Plaintiff's constitutional rights to due process and against involuntary servitude as protected by the Fifth, Thirteenth, and/or Fourteenth Amendments.  The FAC alleges that Hyman has a "peculiar relationship with the [Maui Police Department ("MPD")]," based on Hyman's

---

[1]  Plaintiff and Hyman are the parents of "ABH," their young son.

alleged actions to "remove himself from investigation" for two unrelated crimes.

*Id.* at PageID #516.  The FAC further alleges that

> Hyman in joint action with the [Maui Police Department
> ("MPD")], violated constitutional right of life, liberty and
> property, with symbiotic relationship to remove due
> process to not allow a victimless investigation after 911
> was called on February 21, 2016.  Police did not even
> note that the 10 month old ABH was present.  Also, did
> not document the injuries on Morelli's face and chest,
> pictures taken were time stamped within minutes of
> calling 911.  Further risking the safety of both Morelli
> and ABH during a Felony assault and further abuse
> applicated by Hyman.  Hyman mysteriously was not
> arrested by violating VAWA unregistered shotgun that he
> turned over when served the TRO August 11, 2016.
>
> Hyman continues to violate Morelli's constitutional
> rights in joint action during the Hyman vs. Morelli, by
> using false testimony, false and altered evidence, in
> conspiracy as preponderance evidence on government
> property during all court proceedings with Morelli.
>
> Maui Police Department's Officer Ornellas badge
> #15391 and other MPD Officers name missing from the
> report stated nothing about domestic violence in the
> report and had failed to perform a victimless
> investigation when Morelli called 911 February 21, 2016,
> falls in line with the intertwined relationship between
> Hyman and MPD.

*Id.* at PageID #516-17 (internal citations omitted).

In addition, the FAC alleges that in presiding over family court TRO

and/or custody proceedings, "Judge Tanaka," "Judge Madson Kelly," (sic) and

"Judge Lloyd Poleman" (sic)[2] issued rulings "[w]ithout hearing any evidence," thereby violating Plaintiff's constitutional right to due process. *Id.* at PageID #517-18.

Plaintiff seeks damages of "over a Million dollars" and "relief from judgment" that resulted in termination of Plaintiff's parental/custodial rights. *Id.* at PageID #519-20.

On October 16, 2019, Hyman filed a Motion to Dismiss the FAC. ECF No. 35. On November 4, 2019, Plaintiff filed her Opposition, and on November 11, 2019, Hyman filed his Reply. ECF Nos. 40, 41. On November 14, 2019, the court vacated the hearing. ECF No. 45.

On December 11, 2019, the State filed its Motion to Dismiss the FAC. ECF No. 54. On December 31, 2019, Plaintiff filed her Opposition, and on January 7, 2020, the State filed its Reply. ECF Nos. 56, 59. Pursuant to Local Rule 7.1(c), the court finds both motions to be suitable for disposition without a hearing.

///

///

///

---

[2] The correct names of these current and former state court judges are Keith E. Tanaka, Frederick Matson Kelley, and Lloyd Poelman.

# III.  STANDARDS OF REVIEW

## A.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.  "[U]nlike a rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined to the four corners of the complaint—it may consider facts and need not assume the truthfulness of the complaint."  *Americopters, LLC v. Fed. Aviation Admin.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006).  That is, the parties may submit, and the court may consider, "extra-pleading material" and "resolve factual disputes" to determine whether subject-matter jurisdiction exists.  *Assoc. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

## B.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted."  Dismissal is appropriate where the complaint lacks a cognizable legal theory or if its factual allegations do not support a cognizable legal theory.  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 679; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## C.     Pro Se Pleadings

Because Plaintiff is proceeding pro se, the court liberally construes the FAC and resolves all doubts in her favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears that Plaintiff can correct the defects in her FAC, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate.

*Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013); *see also*

*Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating

that a district court may deny leave to amend for, among other reasons "repeated

failure to cure deficiencies by amendments previously allowed . . . [and] futility of

amendment") (citation omitted).

## IV. <u>DISCUSSION</u>

Defendants seek dismissal of the FAC with prejudice, arguing that

Plaintiff failed to establish subject-matter jurisdiction and failed to state a

cognizable § 1983 claim.  More specifically, Defendants contend that this court

lacks subject-matter jurisdiction over this action pursuant to the *Rooker-Feldman*

doctrine, the domestic relations exception, and/or the *Younger* abstention doctrine.

Defendants further contend that the FAC again fails to allege that Hyman acted

under color of state law, and that claims against the State and state judges are

barred by the Eleventh Amendment and judicial immunity.  For the reasons

discussed below, the court agrees that Plaintiff fails to state a cognizable federal

claim and grants the Motions on that basis.

## A.    **Subject Matter Jursidiction**

In general, Plaintiff may establish the court's subject matter

jurisdiction in one of two ways.  First, Plaintiff may invoke the court's "diversity

jurisdiction," which applies "where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Alternatively, Plaintiff may assert that Defendant violated the Constitution, a federal law, or treaty of the United States.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Plaintiff fails to assert, and apparently cannot assert, the existence of diversity jurisdiction.  The FAC alleges that Plaintiff's mailing address is "PO Box 12431, Lahaina, HI 96761," and names the State of Hawaii as a defendant.  ECF No. 32 at PageID #512.  And although the FAC does not allege Hyman's citizenship, the original Complaint alleges that Hyman works at "1813 Baldwin Ave., Makawao, HI  96768."  ECF No. 1 at PageID #9.  Because it appears that all parties are citizens of Hawaii, diversity does not exist.[3]  The court therefore finds that Plaintiff has failed to establish a basis for the court's diversity jurisdiction.

Nevertheless, the FAC alleges claims pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's federal constitutional rights.  *See* ECF No. 32 at PageID #513.  On this basis, the FAC sufficiently alleges federal question jurisdiction under § 1331.

---

[3] Plaintiff did not assert the *citizenship* of any party, only their locations.  To the extent the parties' locations differ from their citizenship, the FAC does not make such distinction.  And in any event, the failure to allege citizenship of each party is fatal to diversity jurisdiction.  *See Spagnolo v. Nadic Network Certified Dentists,* 2011 WL 2181759, at *1 (D. Haw. June 3, 2011) (collecting cases).

**B.    The Court is not Divested of Subject-Matter Jurisdiction by the**
**       *Rooker-Feldman* Doctrine, *Younger* Abstention Doctrine, or Domestic**
**       Relations Exception**

Defendants, however, contend that the *Rooker-Feldman* doctrine,

*Younger* abstention doctrine, and/or domestic relations exception apply to divest

this court of subject-matter jurisdiction.  Based on the current record, the court

disagrees.

The *Rooker-Feldman* doctrine bars a federal court from exercising

jurisdiction over an action that is essentially "a de facto appeal from a state court

judgment."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)

(recognizing that the doctrine derives from *Rooker v. Fidelity Tr. Co.*, 263 U.S.

413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462

(1983)); *see Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007)

(explaining that under *Rooker-Feldman*, federal courts lack jurisdiction when they

are reviewing final state court judgments).  And under *Younger*, "[a] federal court

may abstain" from exercising jurisdiction over claims that implicate ongoing state

proceedings.  *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019);

*see Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

Here, the court cannot discern whether the underlying

paternity/custody and TRO actions are final or ongoing.  Plaintiff complains of the

termination of her parental/custodial rights and seeks "relief from judgment," but

she does not specify whether there is a final judgment in either the paternity/custodial or TRO actions. ECF No. 32 at PageID #520. And Defendants' briefing is contradictory on this point. Hyman argues that the paternity/custody case is pending in family court. *See* ECF No. 35-1 at PageID #685. And he suggests that the TRO proceeding may not be final by arguing that "[i]nsofar as the [TRO] proceeding is pending, it is barred by the domestic relations exemption." *Id.* at PageID #686. But the State's argument—that under *Rooker-Feldman*, this court lacks jurisdiction to "review and overturn the Family Court decisions"—presumes that both state court actions have ended. ECF No. 54-1 at PageID #978-79.

Regardless, neither Defendant provided any records showing that there is a final judgment in either of the state court actions or confirming that either case remains pending. On this record, the court cannot conclude at this time that either the *Rooker-Feldman* doctrine applies to divest the court of subject-matter jurisdiction, or that the court must abstain pursuant to *Younger*.

Further, although "the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), the Ninth Circuit has limited its application to diversity cases. *Atwood v. Fort Peck Tribal Court Assiniboine*,

513 F.3d 943, 947 (9th Cir. 2008) ("[W]e clarify today that the domestic relations exception applies only to the diversity jurisdiction statute.").

Here, because Plaintiff invokes the court's subject-matter jurisdiction based on the existence of a federal question, the domestic relations exception does not apply to divest this court of jurisdiction.

## C.    Failure to State a Claim

Nevertheless, the FAC must be dismissed because Plaintiff again fails to state a plausible § 1983 claim.  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012).

### 1.    *Claims Against Hyman*

Here, the FAC does not allege facts showing that Hyman acted under color of state law.  To act under color of state law, "the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  That is, "§ 1983

excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).

A private party may, under limited circumstances, act under color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). The Ninth Circuit recognizes "at least four different criteria, or tests used to identify state action: '(1) public function;[4] (2) joint action;[5] (3) governmental compulsion or coercion;[6] and (4) governmental nexus.'"[7] *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v.*

---

[4] "Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Kirtley*, 326 F.3d at 1093 (citation and quotation marks omitted).

[5] To establish joint action, a plaintiff must show willful, joint participation between the state and a private actor in which "the state has so far insinuated itself into a position of interdependence with the private [actor] that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 926 (9th Cir. 2011) (citations and internal quotation marks omitted).

[6] "The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Kirtley*, 326 F.3d at 1094 (citation omitted).

[7] "The nexus test asks whether 'there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself.'" *Kirtley*, 326 F.3d at 1094-95 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

*Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)).

"Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id.* (citation omitted). But under any of the four tests, "the central question remains whether the alleged infringement of federal rights [is] fairly attributable to the government." *Id.* at 1096 (citation and internal quotation marks omitted).

Plaintiff alleges that Hyman acted jointly with the MPD to violate her constitutional rights. But even liberally construed, the FAC fails to allege facts showing that under any test Hyman's conduct would be considered "state action." At most, Plaintiff alleges that (1) Hyman produced a photo that was not his and/or a photo that was altered, which resulted in the MPD ending any investigation of Hyman in connection with two unrelated matters in 2014 and 2015, (2) Hyman allegedly has a "symbiotic relationship" with the MPD, based on the police failing to mention domestic violence and the presence of ABH in their report about an alleged domestic violence incident at the home that Plaintiff and Hyman shared in February 2016, and failing to conduct a "victimless investigation" of that incident, and (3) as part of a conspiracy, Hyman lied and used "false and altered evidence" during state-court proceedings against Plaintiff. ECF No. 32 at PageID #516-17.

None of these allegations includes *facts* showing that Hyman's actions were so intertwined with the MPD that they could be construed as state action.

Nor does the FAC identify any MPD or state official with whom Hyman allegedly conspired to provide false testimony during any underlying state-court proceeding. In short, these allegations fail to show that Hyman acted under color of state law.

Thus, Plaintiff has failed to state a plausible § 1983 claim against Hyman for violation of Plaintiff's constitutional civil rights. This claim is DISMISSED.

The June 28 Order provided Plaintiff with guidance on amending her Complaint to state a plausible § 1983 claim against Hyman for violation her constitutional or civil rights in connection with the underlying state-court proceedings. *See* ECF No. 31 at PageID #503-06, 508-10. Despite such guidance, Plaintiff again failed to allege facts to support a plausible § 1983 claim. Rather, the FAC's allegations are speculative and conclusory, not factual, and therefore do not suffice to show that Hyman acted under color of state law. And given the facts presented in both the Complaint and FAC, it is apparent that Plaintiff cannot allege facts to state a § 1983 claim against Hyman. Thus, granting leave to amend would be futile. This claim is DISMISSED with prejudice.

### 2.    *Claims Against the State*

The FAC also fails to state a cognizable § 1983 claim against the State. First, "a State is not a person" for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *cf. Crumpton v. Gates*, 947 F.2d 1418,

1420 (9th Cir. 1991) (setting forth elements for § 1983 claim).  And second,

Plaintiff's claim against the State is barred by Eleventh Amendment immunity.

Absent waiver by the state or a valid congressional override, "[t]he Eleventh

Amendment bars suits [in federal court] which seek either damages or injunctive

relief against a state . . . or its agencies."  *Fireman's Fund Ins. Co. v. City of Lodi,*

*California*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation marks and

citation omitted); *see also Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019)

(citing *Seminole Tribe of Fl. v. Florida*, 517 U.S. 44, 54 (1996)).  Section 1983

does not override a State's sovereign immunity.  *Will*, 491 U.S. at 67-68; *Stilwell v.*

*City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016).

Thus, Plaintiff's § 1983 claim against the State is barred by the

Eleventh Amendment.  This claim is DISMISSED.  And because amendment

would be futile, this claim is DISMISSED with prejudice.

### 3.    *Claims Against Individual State Officials*

The Eleventh Amendment, however, does not bar prospective

injunctive relief against individual state officials in their official capacities based

on an alleged ongoing violation of federal law.  *See Ariz. Students' Ass'n v. Ariz.*

*Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016) ("Although sovereign immunity

bars money damages and other retrospective relief against a state or instrumentality

of a state, it does not bar claims seeking prospective injunctive relief against state

officials to remedy a state's ongoing violation of federal law."); *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000) ("[C]ourts have recognized an exception to the Eleventh Amendment bar for suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law").

Here, Plaintiff appears to seek injunctive relief against the State for the continued deprivation of her parental/custodial rights as to ABH. The FAC alleges that such deprivation is the direct result of violations of Plaintiff's constitutional right to due process. The Supreme Court has recognized that the Due Process Clause of the Fourteenth Amendment protects not only "fair process," but also "fundamental liberty interests," such as the "fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000).

But the FAC does not name any individual state official as a defendant—let alone any non-judicial[8] individual state official who is allegedly violating Plaintiff's due process rights. *See Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1342 (Fed. Cir. 2006) ("When a violation of federal law is alleged, . . . the state official whose actions violate that law is the rightful party to the suit and prospective injunctive relief can only be had against him.").

---

[8] The court discusses judicial immunity in a separate section below.

Nor does the FAC allege facts showing how an individual non-judicial state official is violating Plaintiff's right to due process.

Thus, to the extent Plaintiff may be asserting a § 1983 claim for prospective injunctive relief against a state official, such claim is DISMISSED without prejudice.

### 4.    *Claims Against State-Court Judges*

Without naming them as defendants, the FAC alleges that in the course of presiding over Plaintiff's TRO and/or paternity/custody actions, Judges Tanaka, Matson Kelley, and Poelman violated Plaintiff's constitutional right to due process.  ECF No. 32 at PageID #517.  To the extent the FAC may allege § 1983 claims against these state-court judges for violation of Plaintiff's constitutional rights, such claims fail.

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  Moreover, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice," *id.*, and applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff," *Moore v. Brewster*, 96 F.3d

1240, 1244 (9th Cir. 1996), *superseded by statute on other grounds as recognized in Tia v. Mollway*, 2011 WL 2945813, at *4 (D. Haw. July 20, 2011).

Further, except in narrow circumstances not applicable here, 42 U.S.C. § 1983 precludes prospective injunctive relief against state judges on account of their judicial acts. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.* For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(emphasis added).

Here, the FAC's allegations indicate that each of these judges acted in his judicial capacity. *See* ECF No. 32 at PageID #517. And the FAC does not allege that "a declaratory decree was violated or that declaratory relief was unavailable." Nor could it, as "[d]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order in state court." *Yellen v. Hara*, 2015 WL 8664200, at *11 (D. Haw. Dec. 10,

18

2015) (citing *Agbannaoag v. Honorable Judges of Circuit Ct. of First Cir. of Haw.*, 2013 WL 5325053, at *3 (D. Haw. Sept. 20, 2013)) (additional citation and internal brackets omitted).

Thus, Judges Tanaka, Matson Kelley, and Poelman are entitled to absolute judicial immunity from Plaintiff's § 1983 claims, including claims for prospective injunctive relief. To the extent the FAC asserts such claims, they are DISMISSED. And because amendment would be futile, these claims are DISMISSED with prejudice.

## D. Leave to Amend

The court has serious doubts that Plaintiff will be able to state a plausible § 1983 claim for prospective injunctive relief against an individual non-judicial state official. Nevertheless, the court GRANTS Plaintiff leave to amend her pleading to attempt to cure the deficiencies of such claim, if possible. That is, Plaintiff may amend her complaint only to assert, if possible, a § 1983 claim for prospective injunctive relief against an individual non-judicial state official and to reassert her state-law claims.

If Plaintiff intends to assert a § 1983 claim against one or more Defendants, she must name each person as a separate defendant and write short, plain statements telling the court: (1) the constitutional or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the

19

name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person that she names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant may be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint and must be complete in itself without reference to the prior pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice or that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal; claims that are voluntarily dismissed are considered waived if they are not repled).

The amended complaint must state that it is the "Second Amended Complaint," and it may not incorporate any part of the original Complaint or FAC by reference, but rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Any cause of action, including a state-law claim that the court has not yet addressed, that is not

asserted in the Second Amended Complaint is waived. *See id.* (holding that claims dismissed with prejudice are preserved for appeal and need not be repled in an amended complaint, but a plaintiff waives all other previously-alleged claims which are not repled in an amended complaint). Failure to file an amended complaint by February 17, 2020 will result in automatic dismissal of this action.

### E. Supplemental Jurisdiction Over State-Law Claims

To the extent the FAC asserts state-law claims, for example, intentional and/or negligent infliction of emotional distress, this court could only have supplemental jurisdiction over such claims. Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over [state-law claims] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" Because there is no basis for diversity jurisdiction, and the dismissed § 1983 claims provide the only other basis for federal subject-matter jurisdiction, to the extent the FAC asserts state-law claims, the court declines to address them.

If Plaintiff does not file an amended complaint, the court will decline jurisdiction over state-law claims pursuant to § 1367(c) and dismiss them without prejudice. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the

values of judicial economy, convenience, fairness, and comity.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citation and internal punctuation omitted).

If Plaintiff files an amended complaint that states a cognizable federal claim against a Defendant, however, the court will then address whether to exercise supplemental jurisdiction over related state-law claims included in the amended complaint.

## V.  CONCLUSION

Based on the foregoing, Defendants' Motions to Dismiss are GRANTED. Plaintiff's § 1983 claim for prospective injunctive relief against an individual non-judicial state official is DISMISSED with leave to amend. Plaintiff's § 1983 claims against all other Defendants are DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim and without leave to amend. Plaintiff is

///

///

///

///

GRANTED leave to file an amended complaint, as permitted by this Order, on or before February 17, 2020. Failure to file an amended complaint by February 17, 2020 will result in automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 16, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Morelli v. Hyman*, Civ. No. 19-00088 JMS-WRP, Order Granting Defendants' Motions to Dismiss Plaintiff's First Amended Complaint, ECF Nos. 35, 54

23