IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANGELA MICHELLE MORELLI,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOSHUA B. HYMAN, ET AL.,<br><br>        Defendants. | Civ. No. 19-00088 JMS-WRP<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 66), ECF NOS. 71, 93, 95, 104 |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 66), ECF NOS. 71, 93, 95, 104

### I. INTRODUCTION

Defendants the State of Hawaii (the "State"), the United States of America (the "United States"), the County of Maui (the "County"), and Joshua B. Hyman ("Hyman") each filed a motion to dismiss pro se Plaintiff Angela Michelle Morelli's ("Plaintiff") Second Amended Complaint ("SAC"). ECF Nos. 71, 93, 95, 104. For the reasons set forth below, the Motions to Dismiss are GRANTED. And because amendment would be futile, the SAC is dismissed without leave to amend.

///

///

## II. BACKGROUND

### A. Factual Background

On February 20, 2019, Plaintiff filed a Complaint against Hyman alleging claims pursuant to 42 U.S.C. § 1983 for violation of unspecified constitutional and civil rights in connection with a custody dispute involving their minor child,[1] as well as additional federal and state law claims.  ECF No. 1 at PageID #1-4.  On June 28, 2019, this court granted Hyman's Motion to Dismiss the Complaint, dismissing Plaintiff's § 1983 claims with leave to amend and dismissing all other federal claims without leave to amend (the "June 28 Order").  ECF No. 31.  As set forth in the June 28 Order, Plaintiff's § 1983 claims were deficient, in part, because she failed to allege facts showing that Hyman acted under color of state law.  *Id.* at PageID #503-06.

On July 25, 2019, Plaintiff filed a First Amended Complaint ("FAC") asserting § 1983 claims against both Hyman and the State.  ECF No. 32.  And although the FAC did not name any other defendants, it alleged wrongdoing by three state judges in connection with judicial proceedings over which they presided.  On January 16, 2020, this court granted Hyman's and the State's Motions to Dismiss the FAC (the "January 16 Order").  ECF No. 63.  The court granted Plaintiff "leave to amend her complaint *only* to assert, if possible, a § 1983

---

[1] Plaintiff and Hyman are the parents of "ABH," their young son.

claim for prospective injunctive relief against an individual non-judicial state official and to reassert her state-law claims." *Id.* at PageID #1054 (emphasis added).  Plaintiff's § 1983 claims against Hyman, the State, and the three state-court judges were dismissed *without* leave to amend.  *Id.* at PageID #1057.

On February 17, 2020, Plaintiff filed a Second Amended Complaint ("SAC") asserting claims pursuant to § 1983 and state law against Hyman, the United States, the County, County officials, the State, and State officials.[2]  ECF No. 66.  The SAC is a rambling, confusing narrative replete with vague, conclusory allegations referencing hardships Plaintiff has faced over several years stemming from state-court temporary restraining order proceedings and the custody dispute, as well as commentary on the state of society, the judicial system, and law enforcement.  With regard to the State officials, the SAC alleges:

> Honorable Richard Bissen was let go of his coverups, although I didn't know at the time when I was told by [Judge] Poleman to send my complaint to Bissen.
> . . .
> [T]he five lawyers assigned to represent The Attorney General Claire [sic] Connors, didn't even stay current in the new Federal regulations of Certificate of Service.
> . . .
> I told [Judge] Poleman out loud in court, that he was breaking my Constitutional Rights and Denied all my

---

[2] Although the SAC does not name County officials, the State, or State officials as Defendants in the caption, the body of the SAC includes references to certain County officials and state judges and seeks relief from "[t]he State of Hawaii and all the government actors listed above."  ECF No. 66 at PageID #1064, 1066-68, 1070.  Thus, the court liberally construes the SAC as alleging claims against County officials, the State, and State officials.

> fact based evidence over hearsay and false testimony
> from a Playboy Model, months before the final Custody
> Order.  I submitted the DVD's of Judge Tanaka not
> hearing or seeing any evidence before allowing my rapist
> to come to my house and pick up my son.  The hearing of
> Judge Matson Kelly who did not hear any evidence or
> testimony dissolving what little protection I had and
> entirely endangering my son who is currently in danger.
> All three Judges broke my Constitutional Rights and
> Violated my Due Process rights entirely resulting in the
> traffic circle of closed doors in the middle of the ocean,
> and . . . my parental rights were terminated because the
> protocol and procedure in which the Judges take their
> oath, was not followed and the Absolute Immunity
> blocks my case from being heard is
> UNCONSTITUTIONAL IN ITS ENTIRETY.
> . . .
> The State of Hawaii and all the government actors listed
> above are liable for the irreparable harm and damages
> caused by violation of [Plaintiff] and ABH's
> Constitutional and Hawaii State Laws.

ECF No. 66 at PageID #1066-68, 1070.

As to Hyman, the SAC alleges that he "continues to violate [Plaintiff's] constitutional rights in joint action during the Hyman vs Morelli, by using false testimony, false and altered evidence, in conspiracy as preponderance evidence on government property during all court proceedings with [Plaintiff]." *Id.* at PageID #1069.

Against the County and County officials, the SAC alleges:

> The County of Maui last year let go the Prosecutor Kim
> who was involved in my case, due to how he treated
> Domestic Violence Case and Charlie Scott Murder.  In
> which the MPD threw out at least 60 pages of evidence,

4

> probably some including Defendant Joshua Hyman. A County who had to let go of Top Civil lawyer Patrick Wong for Domestic Violence.
> . . .
> Hyman was working with the [Maui Police Department ("MPD")] who didn't list anything on their report nor listed ABH as being at the crime scene.
> . . .
> [MPD] Officer Ornellas badge #15391 and other MPD Officers name missing from the report stated nothing about domestic violence in the report and had failed to perform a victimless investigation when [Plaintiff] called 911 February 21, 2016, falls in line with the intertwined relationship between Hyman and MPD.

*Id.* at PageID #1066, 1068-69.

And as to federal officials, the SAC alleges that Plaintiff "turned [Hyman] over to the [Drug Enforcement Agency ("DEA")] and the non existent [sic] [Federal Bureau of Investigation], turns out the DEA is friends with him and [Hyman's] formerly incarcerated friend he sells cocaine to." *Id.* at PageID #1068. Other references to the United States include vague allegations that the United States is "violating the Constitution by allowing Absolute Immunity," and "is causing irreparable harm" to Plaintiff "because [Plaintiff's] Constitutional rights are a 100 percent Fraud." *Id.* at PageID #1064.

As best as the court can determine, the SAC attempts to assert § 1983 claims for violation of Plaintiff's constitutional rights to due process and against involuntary servitude as protected by the Fifth, Thirteenth, and/or Fourteenth Amendments, and claims for violation of unspecified state laws. *Id.* at PageID

#1061, 1070.  Plaintiff seeks damages of at least $1 million and a jury trial.  *Id.* at PageID #1069-70.

## B.    Procedural Background

On March 3, 2020, the State filed its Motion to Dismiss the SAC.  ECF No. 71.  On April 6, 2020, Plaintiff filed an Opposition, and on April 20, 2020, the State filed its Reply.  ECF Nos. 88, 91.

On May 8 and 11, 2020, respectively, the United States and County filed Motions to Dismiss the SAC.  ECF Nos. 93, 95.  On May 13, 2020, the court elected to defer ruling on the State's motion until all three motions were briefed.  *See* ECF No. 99.  Plaintiff filed Oppositions to both motions on June 1, 2020, and the United States and the County filed their Replies on June 8, 2020.  ECF Nos. 100-03.  On June 30, 2020, Plaintiff filed an additional "Response in Opposition" to the United States' motion.  ECF No. 107.

On June 9, 2020, Hyman filed a Motion to Dismiss the SAC.  ECF No. 104.  Plaintiff filed an Opposition on June 30, 2020.  ECF No. 106.  And on July 2, 2020, Plaintiff filed supplemental exhibits to ECF Nos. 106 and 107.  ECF No. 108. Pursuant to Local Rule 7.1(c), the court finds these motions suitable for disposition without a hearing.

///

///

## III. STANDARDS OF REVIEW

### A.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 679; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.      Pro Se Pleadings**

Because Plaintiff is proceeding pro se, the court liberally construes the SAC and resolves all doubts in her favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears that Plaintiff can correct the defects in her SAC, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment") (citation omitted).

## IV. **DISCUSSION**

Despite being granted "leave to amend her complaint *only* to assert, if possible, a § 1983 claim for prospective injunctive relief against an individual non-judicial state official and to reassert her state-law claims," ECF No. 63 at PageID #1054 (emphasis added), the SAC attempts to allege § 1983 claims against the State and State officials, Hyman, the County and County officials, and the United States. The court first addresses the claim Plaintiff was granted leave to amend, and then turns to claims for which she was not granted leave to amend. For the

reasons discussed below, the SAC is dismissed because Plaintiff again fails to state a plausible federal claim.

### A. Claim That the Court Granted Plaintiff Leave to Amend

The January 16 Order granted Plaintiff leave to amend her pleading to state a § 1983 claim for prospective injunctive relief against any non-judicial state official.[3] *See* ECF No. 63 at PageID #1054. Construing the FAC liberally, the January 16 Order found that Plaintiff was seeking "injunctive relief against the State for the continued deprivation of her parental/custodial rights as to ABH," which allegedly resulted from violations of Plaintiff's constitutional due process rights. *Id.* at PageID #1051. But because the FAC failed to "allege facts showing how an individual non-judicial state official is violating Plaintiff's right to due process," the claim was dismissed with leave to amend. *Id.* at PageID #1052.

Here, at most, the SAC alleges that (1) "state actors staking [sic] Federal funding and not returning phone calls, glad handing and patting themselves on the back, but can't even do the very basics such as voiding a California Driver's License at the [Department of Motor Vehicles] when turned in to get a Hawaii

---

[3] To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012).

DL . . . but somehow years later renewed my California license on line;" (2) "five lawyers assigned to represent The Attorney General Claire [sic] Connors, didn't even stay current in the new Federal regulations of Certificate of Service;" and (3) "all the government actors listed above are liable [f]or the irreparable harm and damages caused by violation of Morelli and ABH's Constitutional and Hawaii State Laws." ECF No. 66 at PageID #1066, 1070.

But nowhere in the SAC does Plaintiff name any non-judicial state official as a defendant, or allege any specific action or failure to act by a non-judicial state official demonstrating an ongoing violation of Plaintiff's due process rights or any other right under the Constitution or a federal statute. Nor does the SAC show how these allegations caused the alleged "continued deprivation of [Plaintiff's] parental/custodial rights as to ABH." In short, the SAC simply fails to allege a plausible § 1983 claim for prospective injunctive relief against a non-judicial state official. And given Plaintiff's multiple attempts to assert such a claim, it is apparent that granting further leave to amend would be futile. Plaintiff's § 1983 claim for prospective injunctive relief against a non-judicial state official is DISMISSED without leave to amend.

B.     **Claims That Plaintiff Did Not Have Court Leave to Amend**

The January 16 Order granted Plaintiff "leave to amend her complaint *only* to assert, if possible, a § 1983 claim for prospective injunctive relief against

an individual non-judicial state official and to reassert her state-law claims." ECF No. 63 at PageID #1054 (emphasis added). Plaintiff's § 1983 claims against Hyman, the State, and the three state-court judges were dismissed *without* leave to amend. *Id.* at PageID #1057.

The SAC, however, patently ignores the court's ruling. Construed liberally, the SAC attempts to allege federal-law claims for damages and prospective injunctive relief against Hyman, the State, state-court judges, the County, County officials, and the United States. These claims are DISMISSED for exceeding the scope of the court's leave to amend. Even though lack of court leave is reason enough to dismiss all remaining federal claims, the court addresses the merits of such claims below.

### 1. *Section 1983 Claims Against the State and State Officials*

The January 16 Order determined that "Plaintiff's § 1983 claim against the State is barred by Eleventh Amendment immunity," and Plaintiff's § 1983 claims against state judges Keith E. Tanaka, Frederick Matson Kelley, and Lloyd Poleman are barred by the doctrine of absolute judicial immunity. ECF No. 63 at PageID #1050, 1054. To the extent the SAC attempts to reallege these claims, they are again DISMISSED without leave to amend for the reasons set forth in the January 16 Order.

The SAC may be attempting to allege a § 1983 claim against Judge Bissen, who is referenced solely in his capacity as a state-court judge. *See* ECF No. 66 at PageID #1066 (referring to the "Honorable Richard Bissen"). But as with the other state-court judges, to the extent Judge Bissen is sued for any action taken or any failure to act in his judicial capacity, he is likewise absolutely immune from suit. *See, e.g.*, ECF No. 63 at PageID #1052-54 (discussing judicial immunity and citing cases). Thus, Plaintiff's § 1983 claim against Judge Bissen is DISMISSED without leave to amend.

    2.    *Section 1983 Claim Against Hyman*

The January 16 Order also found that because the FAC failed to allege facts showing that Hyman was a state actor or acted under color of state law, Plaintiff "failed to state a plausible § 1983 claim against Hyman for violation of Plaintiff's constitutional civil rights." *Id.* at PageID #1049; *see also id.* at PageID #1046-49. And given the court's prior guidance regarding amendment of this claim, and the facts presented in both the Complaint and FAC, the January 16 Order found it "apparent that Plaintiff cannot allege facts to state a § 1983 claim against Hyman." *Id.* at PageID #1049. Thus, the court dismissed Plaintiff's § 1983 claim against Hyman with prejudice. *Id.*

Nevertheless, the SAC again names Hyman as a defendant and attempts to assert a § 1983 claim against him. *See* ECF No. 66 at PageID #1068-

69 ("As far as Joshua Hyman working [in conjunction] with state actors the [Maui Police Department ("MPD")], for one how do you think he's actually getting away with selling drugs, . . . and the before and after pictures of police assistance are beyond a reasonable doubt that Joshua Hyman was working with the MPD who didn't list anything on their report nor listed ABH as being at the crime scene. . . . Hyman continues to violate Morelli's constitutional rights in joint action during the Hyman vs Morelli, by using false testimony, false and altered evidence, in conspiracy as preponderance evidence on government property during all court proceedings with Morelli.").

But the SAC fails to allege any non-conclusory fact that would change the court's prior analysis. Because the SAC fails to allege facts showing that Hyman acted under color of state law, Plaintiff's § 1983 claim against Hyman is again DISMISSED without leave to amend for the reasons set forth in the January 16 Order.

### 3. Section 1983 Claims Against the County and County Officials

The SAC realleges that MPD Officer Ornellas ("Ornellas") and unnamed MPD officers "stated nothing about domestic violence in the report and had failed to perform a victimless investigation when [Plaintiff] called 911 February 21, 2016, falls in line with the intertwined relationship between Hyman and MPD." ECF No. 66 at PageID #1069; *see also* FAC, ECF No. 32 at PageID

13

#517. Although the court has understood this allegation to be an attempt to show that Hyman is a state actor, construed liberally, it may also be the basis of an attempt to allege a § 1983 claim against the County and/or Ornellas. To the extent the SAC alleges a § 1983 claim based on this allegation, the County contends that Plaintiff's § 1983 claim is barred by the statute of limitations.[4] The court agrees.[5]

        Plaintiff's § 1983 claim is subject to a two-year statute of limitations. *See Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("Because 42 U.S.C. § 1983 does not contain its own statute of limitations, '[a]ctions brought

---

[4] The County also contends that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. ECF No. 95-1 at PageID #1577. The *Rooker-Feldman* doctrine, which derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), bars a federal court from exercising jurisdiction over an action that is essentially "a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

    The January 16 Order found that based on the record and the parties' briefing, it could not discern whether the underlying paternity/custody and temporary restraining order actions are final or ongoing. *See* ECF No. 63 at PageID #1044-45. Thus, the court determined that based on the record of this case, it "cannot conclude at this time that . . . the *Rooker-Feldman* doctrine applies to divest this court of subject-matter jurisdiction." *Id.* at PageID #1045. Here, the County argues that Plaintiff is seeking relief from a state court judgment, but it did not provide any state-court records clarifying the status of the underlying state-court actions. Thus, for the reasons set forth in the January 16 Order, the court again cannot conclude that the *Rooker-Feldman* doctrine divests the court of subject-matter jurisdiction.

[5] "A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)); *see also Rivera v. Peri & Sons Farms, Inc.,* 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss.") (citing *Cedars-Sinai Med. Ctr. v. Shalala,* 177 F.3d 1126, 1128-29 (9th Cir. 1999)). That said, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (quotation marks and citations omitted).

pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions.' In Hawaii, the statute of limitations for personal injury actions is two years.") (internal citations omitted). Plaintiff first asserted her § 1983 claim against the County in the SAC, which was filed on February 19, 2020. Even assuming that this claim would relate back to the filing of her original Complaint (which the court is not finding), Plaintiff filed her original Complaint on February 20, 2019, approximately three years after the 911 call. Plaintiff was present when the MPD officers responded to her 911 call and was aware at that time of the officers' alleged failure to perform a specific type of investigation. And none of Plaintiff's pleadings remotely suggests any reason to toll the two-year statute of limitations. Thus, this claim is DISMISSED as untimely.

The SAC also alleges that the County "let go" "Prosecutor Kim" and "Top Civil lawyer Patrick Wong." ECF No. 66 at PageID #1066. But the SAC utterly fails to allege how such events are related to her claim of injury arising from the underlying custody dispute or otherwise caused the County or a County official to violate Plaintiff's rights under the United States Constitution or a federal statute. And although Plaintiff contends in her Opposition that the County is responsible for the actions of the MPD, Prosecutor Kim, and Custody Evaluator Jamie Baldwin, *see* ECF No. 101 at PageID #1626, the SAC fails to allege any

15

facts showing that any of these or other non-judicial County officials is currently violating Plaintiff's Constitutional rights. Thus, the SAC fails to allege a § 1983 claim for prospective injunctive relief.

Given the statute of limitations and Plaintiff's multiple attempts to allege facts to support a plausible § 1983 claim, granting further leave to amend would be futile. Thus, Plaintiff's § 1983 claim against the County and County officials is DISMISSED without leave to amend.

### 4. *Claims Against the United States*

The SAC's vague, conclusory allegation—that Plaintiff "turned [Hyman] over to the 'DEA' and the non existent [sic] FBI, turns out the DEA is friends with him and [Hyman's] formerly incarcerated friend he sells cocaine to"—fails to allege any facts whatsoever to support a federal claim against the United States. This allegation is wholly untethered to both the underlying temporary restraining order proceedings and the custody dispute. Moreover, it fails to show that a federal DEA or FBI agent violated Plaintiff's due process rights or any other right protected by the constitution or federal statute, or is otherwise causing the "continued deprivation of her parental/custodial rights as to ABH."

Similarly, the SAC's vague, conclusory allegations—that the United States itself violates the Constitution because federal law allows absolute immunity and is liable to Plaintiff for the resulting irreparable harm, ECF No. 66 at PageID

16

#1064—have no factual or legal basis.  In short, Plaintiff's claim against the United States is frivolous on its face.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.").

  Because Plaintiff's claim against the United States is frivolous and completely unrelated to her underlying claim of violation of her due process rights resulting in the ongoing deprivation of parental/custodial rights to her son, granting leave to amend would be futile.  Thus, Plaintiff's claim against the United States is DISMISSED without leave to amend.

**C.** **Supplemental Jurisdiction Over State-Law Claims**

  To the extent the SAC asserts state-law claims, for example, intentional and/or negligent infliction of emotional distress, this court could only have supplemental jurisdiction over such claims.  But under 28 U.S.C. § 1367(c)(3) "district courts may decline to exercise supplemental jurisdiction over [state-law claims] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"

  "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie*

17

*Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie Mellon Univ.*, 484 U.S. at 350 n.7).

Here, there is no basis for diversity jurisdiction and Plaintiff's § 1983 claims are dismissed without leave to amend. Thus, pursuant to § 1367(c), the court declines supplemental jurisdiction over Plaintiff's state-law claims and DISMISSES them without prejudice.

## V. **CONCLUSION**

Based on the foregoing, Defendants' Motions to Dismiss are GRANTED. Plaintiff's § 1983 claims against all Defendants are DISMISSED with prejudice and her state-law claims are DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 8, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Morelli v. Hyman*, Civ. No. 19-00088 JMS-WRP, Order Granting Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint (ECF No. 66), ECF Nos. 71, 93, 95, 104